1   Afshin Afsharimehr
    BLACKMORE LAW PLC
2   2828 N. Central Ave
    Phoenix, AZ 85004
3   Arizona State Bar No. 031107
    Fax: 855-744-4419
4   E-Mail: afshin@blackmorelawplc.com
    Telephone: 602-562-0996
5
    Attorney for Plaintiff
6
                    IN THE UNITED STATES DISTRICT COURT
7
                       FOR THE DISTRICT OF ARIZONA
8

9   Daimeon Mosley,                            No.

10        Plaintiff,

11   v.

12   The Scottsdale Plaza Resort, L.L.C., an    COMPLAINT
     Arizona limited liability company,

13        Defendant.

14

15   **PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

16       Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in

17   support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by The

18   Scottsdale Plaza Resort, L.L.C. based on Plaintiff's disability in violation of Title III of the

19   Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its

     implementing regulation, 28 C.F.R. Part 36:
20
                              **JURISDICTION AND VENUE**
21
         1.      This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28
22
     U.S.C. § 1331, and 28 U.S.C. § 1343.

                                            1

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a limited liability company with its registered office located at 7400 E McCormick Pkwy, Scottsdale, AZ 85258.

5. Upon information and belief, Defendant owns or operates "The Scottsdale Plaza Resort" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including permanent paralysis, degenerative discs and scoliosis caused by his being infected with the West Nile Virus in 2003. These conditions cause Plaintiff to suffer from sudden onsets of severe pain, experience seizures and require Plaintiff to use a mobility device, all of which substantially limits Plaintiff's major life activities.

8. At the time of Plaintiff's initial visit to The Scottsdale Plaza Resort (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9. Plaintiff's condition is permanent and requires the use mobility aids to assist his movement.

10. Plaintiff encountered barriers to access at the Facility which denied him full and equal access and enjoyment of the services, goods and amenities.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

11.    Plaintiff is a customer of Defendant and would return to the Facility if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

12.    Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

13.    Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

**COUNT I**
**REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

14.    Plaintiff incorporates the above paragraphs by reference.

15.    This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

16.    Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

**COUNT II**
**REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)**

17.    Plaintiff incorporates the above paragraphs by reference.

3

1       18.    The Scottsdale Plaza Resort is a place of public accommodation covered by Title

2   III of the ADA because it is operated by a private entity, its operations affect commerce, and it is

3   a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

4       19.    Defendant is a public accommodation covered by Title III of the ADA because it

5   owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§

6   12181(7), 12182(a); 28 C.F.R. § 36.104.

7       20.    Architectural barriers exist which denied Plaintiff full and equal access to the

goods and services Defendant offers to non-disabled individuals.

8       21.    Plaintiff personally encountered architectural barriers on June 6, 2019, at the

9   Facility located at 7200 N Scottsdale Rd, Paradise Valley, AZ 85253:

10       a.  Parking Area:

11           i.  Not providing a passenger loading zone with an access aisle marked with

12               striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1,

13               503.3 and 503.3.3.

14       b.  Pool Restroom:

15           i.  Not providing a doorway or walkway with a minimum clear width

16               required by 2010 ADAAG §§403, 403.5, 403.5.1 and 404.2.3.

17           ii.  Providing pathways and surfaces that are too steep that include changes in

18               levels greater than 0.5 inches in violation of 2010 ADAAG §§206, 206.1,

            206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA

19               Standards 4.3.8.

20

21

22

4

iii. Not providing sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1.

iv. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

v. Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.

vi. Not providing paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

c. Ramps to Pool:

i. Not providing bilateral handrails on a ramp that has a rise greater than 6 inches or in a horizontal projection greater than 72 inches violating 2010 ADAAG §§405, 405.1, 405.8, 505 and/or §4.8.5 of the 1991 ADA Standards.

d. Pool Bar:

i. Providing seating at a bar or adjacent table which exceeds a height of 34 inches in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.3.

ii. Not providing seating that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

5

1
2
3

   iii. Not providing a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306.

4

  e. Restaurant Seating (Indoor & Outdoor):

5
6

   i. Providing seating at a bar or adjacent table which exceeds a height of 34 inches in the bar area in violation of 2010 ADAAG §§902, 902.1, 902.3.

7

   ii. Not providing seating that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

8
9
10

   iii. Not providing a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306.

11

  f. Hotel Lobby Restroom

12
13
14

   i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. In violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

15
16
17

   ii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

  g. Courtyard Pool & Restroom:

18
19
20

   i. Not providing a means of entry at the pool as required such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§242, 242.1, 242.2 and 1009.

21
22

6

ii. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

iv. Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.

v. Not providing grab bars in violation of 2010 ADAAG §§604, 604.5, 609, 609.4, 609.1 and 609.3.

vi. Not providing paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

vii. Not providing toilet cover dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

viii. Not providing soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

ix. Not providing the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

h. Ice Machines:

i. Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303 and 403.4.

7

1

2

3

4

      ii.   Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

5

6

22.     These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating his injuries.

7

23.     Defendant has failed to remove some or all of the barriers and violations at the Facility.

8

9

24.     Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

10

11

12

13

25.     Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

14

15

16

17

26.     Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and other violations listed in this Complaint.

18

19

27.     It would be readily achievable for Defendant to remove all of the barriers at the Facility.

20

21

28.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

22

1

**RELIEF REQUESTED**

2

WHEREFORE, Plaintiff respectfully requests that this Court:

3

      A.     declare that the Facility identified in this Complaint is in violation of the ADA;

4

      B.     declare that the Facility identified in this Complaint is in violation of the

5

ADAAG;

6

      C.     enter an Order requiring Defendant make the Facility accessible to and usable by

7

individuals with disabilities to the full extent required by Title III of the ADA;

8

      D.     enter an Order directing Defendant to evaluate and neutralize its policies,

practices, and procedures towards persons with disabilities;

9

      E.     award Plaintiff attorney fees, costs (including, but not limited to court costs and

10

expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

11

      F.     grant any other such relief as the Court deems just and proper.

12

13
                                    Respectfully Submitted,

                                    BLACKMORE LAW PLC

14

                                    By:   /s/ Afshin Afsharimehr
15
                                    Afshin Afsharimehr
                                    *Attorney for Plaintiff*

16

17

Dated: December 23, 2019

18

19

20

21

22

9